IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17CR00490-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| RASHEED BABB, | ) | |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | OF RASHEED BABB |

I.      Background and Circumstances of the Offenses.

On February 6, 2018, the Defendant, Rasheed Babb, entered a guilty plea to Felon in Possession of Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2), and to Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C).

A presentence investigation was conducted in this case and sentencing is set for May 23, 2018, at 2:00 p.m. in this Court. Pursuant to the terms of the plea agreement, Mr. Babb pled guilty to Count One and Count Two of the indictment.

The Defendant and the Government established an advisory guideline computation with a base offense level of twenty four (24) and a two (2) level upward adjustment for possession of a weapon.

1

The office of the U.S Attorney (U.S.A.O.) recommended a two (2) level reduction for acceptance of responsibility under USSG §3E1.1(a) and a one (1) level reduction for acceptance of responsibility under USSG §3E1.1(b).

The total offense level after the reduction is a level twenty three (23).

II.     Personal History of Rasheed Babb.

Rasheed Babb was born in Pittsburg, Pennsylvania on November 22, 1992, to Patricia Fountain and Rowland Babb. Patricia Fountain, Mr. Babb's mother, is unemployed due to having Hepatitis and continues to reside in the Pittsburg, Pennsylvania area. His father, Rowland Babb, resides in Canton, Ohio and is also unemployed. His father suffered from lung cancer approximately seven years ago, but has since been in remission. He had two brothers, namely, DeSean Fountain and LaVelle Fountain. DeSean Fountain was killed in 2015 and LaVelle Fountain is currently incarcerated at FCI Hazelton serving a 15 year sentence. He is set to be released in 2021. The death of his brother, DeSean Fountain, and the incarceration of Lavelle Fountain, have deeply impacted his life as he was very close to both of them. Rasheed has one sister, Summer Fountain, who is employed and resides in the Pittsburg, Pennsylvania area. He reports having a good relationship with both his mother and his sister.

Mr. Babb states that he had a difficult childhood and was mainly raised by his mother in Pittsburg, Pennsylvania. His mother, Patricia Fountain, struggled with alcohol addiction as well as being diagnosed with bipolar disorder throughout his life. This made for a very hostile environment for Rasheed as a child. He reports being excessively physically disciplined in his youth by his mother. As a child, he had little to no contact with his father as he was in and out of custody. Despite the hardship he and his family faced, Rasheed maintains a closeness with all of

his family. At the present, Rasheed says that he has more contact with his father as he is involved in his grandchildren's lives.

Mr. Babb has never married, but has been in a relationship with Chimere Ollison for approximately eight years. They reside together in her apartment in Canton, Ohio and have two sons together, namely, Rasheed Babb, Jr., (age 4), and RaSean Babb (age 1). They had another child, namely, RaMere Babb, however, he passed away 24 hours after being born due to his lungs not being fully developed. He reports having a very strong and healthy relationship with Ms. Ollison and states that she is very supportive of him.

III.     Jermaine Tripp's Educational and Employment Background.

Mr. Babb attended Peabody High School in Pittsburg, Pennsylvania, but only completed the 10th grade. In 2012, he obtained his GED through Greater City of Urban Pittsburg. Mr. Babb was unemployed at the time of his arrest. His last job was in 2014, at Taco Bell. In 2012 he worked for a company called Infinite Concepts and prior to that in 2011, he worked at a restaurant. His employment is scattered due to his prior incarceration. He states that he is interested in obtaining a HVAC or CDL certification for employment purposes.

IV.     Rasheed Babb's Substance Abuse and Mental Health.

Substance abuse has been prominent throughout Rasheed's life, and in the lives of nearly all who have surrounded him. His criminal record reflects events involving drug use and drug trafficking. He states that he first tried marijuana at the young age of 8 and that he was using it on a daily basis by age 10. Rasheed first tried alcohol at age 12. Beginning in 2010, unless he could find other drugs, he would drink on a daily basis. He reports using prescribed medications such as Percocet and Xanax.

Mr. Babb has a history of mental and emotional health issues. In 2011, like his mother, he was diagnosed with bipolar disorder. He has been committed to psychiatric hospitals multiple times for suicide attempts. He states that these suicidal tendencies came after the death of his brother and son.

Difficult issues within Rasheed's life have not broken his spirit. Although his life circumstances may not be exemplary, he has demonstrated determination and perseverance. By his own admission, he has disclosed alcohol, marijuana, and other serious drug use commencing at age 8. He has acknowledged that the use of marijuana, alcohol, and other drugs have at times affected his behavior.

Through his own words, he recognizes that he has struggled with depression. His life experiences demonstrate family issues and dysfunction, but also foundational strengths of love and kindness.

V.  Sentencing Consideration.

Under the authority of United States v. Booker, 543 U.S. 220 (2005), and Gall v. United States, 128 S. Ct. 586, 595-597 (2007), the Federal Sentencing Guidelines are now advisory in nature only, and District Courts are to use their broad discretion in sentencing, first calculating the applicable guidelines range and then considering 18 U.S.C. § 3553(a) factors in reaching sentencing decisions. Under these standards, each case is to be individually considered. 18 U.S.C. § 3553(a) states:

> (a)  **Factors to be considered in imposing a sentence.** - The Court shall impose a sentence, sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

 (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

 (2)  the need for the sentence imposed -

   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)  to afford adequate deterrence to criminal conduct;
   (C)  to protect the public from further crimes of the defendant; and
   (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for -

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines -

   (i)  issues by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28;) and

   (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

  (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issues by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertained policy statement...issued by the Sentencing Commission;

(6)       the need to avoid unwarranted sentencing disparities...; and

(7)       the need to provide restitution to any victims of the offense.

As set forth in Paragraph 24 of the Presentence Report, the total offense level in this case is 23.

18 U.S.C. § 3553(a) factors include "...the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). These have been discussed above.

Various factors are included in § 3553(a)(2). § 3553(a)(2)(A) and include, the need for the sentence imposed - "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Rasheed Babb has pled guilty to Felon in Possession of Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2), and to Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C).

18 U.S.C. § 3553(a)(2)(B) relates to the need for the sentence imposed to "...afford adequate deterrence to criminal conduct." Rasheed expects that the components of any sentence he receives will serve the purposes of this provision.

18 U.S.C. § 3553(a)(2)(C) relates to protecting the public from further crimes. Issues of depression and hardship, like the death of his brother and son, greatly contributed to the conduct giving rise to Rasheed's criminal behavior. He has accepted responsibility, and is prepared to accept the decisions of this Court. In view of his prior criminal history and his young age of 25, rehabilitation remains a hopeful option.

18 U.S.C. § 3553(a)(2)(D) involves the need for the sentence imposed - "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Resources are present outside of the penal system to assist Jermaine with substance abuse treatment, mental health care, self help counseling, and other necessary services and training. He acknowledges that supervised release exists for purposes of successful rehabilitation.

VIII.     Conclusion

It is requested that this Court may derive a sentence which allows counseling, training, and avoids the imposition of imprisonment.

Rasheed Babb is 25 years old and acknowledges that his personal history demonstrates a pattern of involvement with the justice system. It is stated, however, that much of his history is directly connected to conduct involving drugs and alcohol. By his own admission, Mr. Babb indicates that his drug and alcohol use began when he was just 8 years old. Problems which began when he was a very young boy have continued on through adulthood.

Rasheed Babb requests understanding by this Court and expresses his desire to return to his family and society as soon as possible.

Respectfully submitted,

/s/ Donald R. Hicks
Donald R. Hicks #0034221
Attorney for Defendant
159 South Main Street, Suite 423
Akron, Ohio 44308
donhickslaw@aol.com
(330) 762-5500
(330) 762-2011 Fax

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2018, a copy of this Sentencing Memorandum of Rasheed Babb was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Donald R. Hicks
Donald R. Hicks #0034221
Attorney for Defendant